COMMISSIONER OF HIGHWAYS FOR THE TOWNSHIP OF PAW PAW v. ISAAC WILLARD, ADM'R.

*Municipal corporations—Costs of repairing bridges.*

The charter of Paw Paw in giving the village control of the building and mending of all bridges within it but making the cost a township charge is inharmonious; unless the township and village authorities unite, the village has exclusive control of the subject and is exclusively liable; and the township authorities cannot enforce the obligation of a citizen of the village to repair a bridge over his mill-race.

Error to Van Buren. Submitted Oct. 8. Decided Oct. 14.

ASSUMPSIT. Plaintiff brings error.

*Chandler Richards* for plaintiff in error.

*O. W. Rowland* and *Brown, Howard & Roos* for defendant in error.

COOLEY, J. This case involves the liability of the township of Paw Paw for the repair of bridges within the corporate limits of the village of Paw Paw. There is a bridge on one of the highways of the village over a race belonging to Willard, whose duty it was to keep it in repair. He failed to perform this duty, and the highway commissioner proceeded to repair the bridge, and then sued Willard under the act of 1855. Compiled Laws 1871, §§ 1309–1312. The defense is that the obli-

gation to repair the bridge when the owner of the race neglects, is on the village, and that the highway commissioner of the township has nothing to do with it. The circuit court so held.

In the somewhat similar case of *Merrill v. Kalamazoo*, 35 Mich., 211, this court decided that the village, and not the township authorities, must enforce the performance of the duty by the owner of the race. That decision should unquestionably govern this case were it not for certain peculiarities in the charter of Paw Paw which are supposed to render the former decision inapplicable.

The village of Paw Paw was incorporated in 1867 of territory entirely within the township of Paw Paw. Laws of 1867, vol. 2, p. 1115. The seventh section of the charter provided that "the inhabitants of said village shall be liable to the operation of any or all laws relating to township government, except so far as relates to the laying out and constructing of streets and highways, and the labor to be performed thereon within the limits thereof." The twelfth section gave to the village president and trustees power "to regulate bridges within the limits of said village." The fifteenth section provides that "the president and trustees shall have authority to lay out and establish, open, make and alter such streets, lanes and alleys, sidewalks, highways, watercourses and bridges within the limits of said village as they may deem necessary for the public convenience;" and gives authority to appropriate lands for the purpose. The twenty-seventh section provides for a street commissioner who shall "superintend and direct the making, paving, repairing and opening all streets, lanes, alleys, sidewalks, highways or bridges within the limits of said corporation, in such manner as he may from time to time be directed by the board of trustees." Some amendments to the charter were afterwards made, but they are not important to this controversy.

But for a single other provision, which will presently

be given, there should be no doubt that the case of *Merrill v. Kalamazoo* should apply. The village seems to be given full control of the highways and bridges, and may lay out, construct and repair them at discretion under the superintendence of its own officer. Going no farther than these provisions the township would seem to be under no obligation in the premises, and to have no authority to interfere.

The last section of the charter, however, provides that "Nothing contained in this act shall be construed as requiring the construction or repairing of bridges within the corporate limits of said village, to be done at the sole expense of the inhabitants thereof, but all such expenses shall be borne in the same manner as heretofore required."

As theretofore required the expense would have been paid by the whole township. It was the apparent purpose of this section that such should continue to be the case. But how was this to be accomplished? If other sections of the charter are given full effect, the village might erect bridges, incur expense in procuring land for the purpose, superintend the structure when erected by its own officer, decide for itself upon repairs. If then it could charge all its expenditures over to the township, we should have the remarkable spectacle of one municipal corporation deciding upon the public needs and expenditures of another, and indirectly imposing taxes upon it; which would be a monstrosity in representative government. But the alternative is, that the township must provide for the construction and repair of bridges as formerly; that is to say, by acting upon the questions directly as it must upon other matters of township government. But to do this would divest the village and its officers of supervision and control, and nullify several of the charter provisions above recited.

The conclusion seems inevitable that the village charter is not harmonious, and that all its provisions cannot be enforced, unless the village and township authorities

unite in the necessary action for the purpose. My brethren think this is the case with the last section: that the village cannot build or repair bridges at the expense of the township without the concurrent action of the township authorities, and that on the other hand the village authority over bridges excludes that of the township. In this view the case of *Merrill v. Kalamazoo* is strictly in point and must govern this case.

The judgment must be affirmed with costs.

The other Justices concurred.