PATRICK QUINLAN v. THE VILLAGE OF MANISTIQUE.

*Villages—Liability for defective bridges.*

The enabling act by which a village was incorporated under the general law (How. Stat. chap. 81) exempted the village from the superintendence of the commissioners of highways of the townships in which it was located, and the inhabitants from the performance of highway labor, except as ordered by the village authorities, and forbade the levy by the supervisors of said townships of any highway tax upon the taxable property of the village; which provisions are held not to relieve the townships from the duty imposed by How. Stat. § 2853, of keeping in repair *bridges* in highways leading into or through such village, and not laid out or established by the village authorities, nor to render the village liable for injuries sustained by reason of their non-repair.

Error to Schoolcraft. (Steere, J.) Argued January 23, 1891. Decided February 27, 1891.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*J. H. Clark,* for appellant.

*W. F. Riggs,* for defendant.

McGRATH, J. This is an action on the case to recover damages resulting from the breaking of a bridge across the Manistique river, within the corporate limits of the village of Manistique. The defendant demurred to plaintiff's declaration. The demurrer was sustained, and plaintiff appeals.

The grounds of the demurrer are several, but it is necessary to consider that only which puts in issue the liability of the village under the statute giving a right of action for injuries resulting from defective highways and streets. The bridge in question is in a highway which runs into and through the village of Manistique from one of the townships in which the village is situated.

The general law providing for the incorporation of villages (How. Stat. chap. 81) contains the following section:

"SEC. 2853. The council shall have supervision and control of all public highways, bridges, streets, avenues, alleys, sidewalks, and public grounds within the village, and shall have the like authority over the same as is given by the general laws of the State: *Provided,* that the bridges within the limits of any village incorporated under this act, in the highways leading into or through said village, which have been or shall hereafter be laid out by the commissioners of highways of the township or townships in which said village may be located, or established by any other lawful authority, except the authority of such village, shall be built, controlled, and

kept in repair by the township or townships in which they may be located, the same as if said village were not incorporated, and all the other bridges in said village shall be built, controlled, and kept in repair by said village."

The village of Manistiqué was incorporated by Act No. 277, Local Acts of 1885, sections 4, 5, and 6 of which are as follows:

"SEC. 4. Said village of Manistique shall, in all things not herein otherwise provided, be governed by, and its powers and duties defined by, an act entitled 'An act granting and defining the powers and duties of incorporated villages,' approved April first, eighteen hundred and seventy-five: *Provided*, that, wherever the word 'March' occurs in said act, in its application to this act it shall be read 'May,' and wherever the word 'April' occurs in said act it shall read 'June.'

"SEC. 5. The president of said village shall be *ex officio* a member of the board of supervisors of the county of Schoolcraft.

"SEC. 6. The said village shall be exempt from the superintendence and control of the commissioners of highways of the townships in which said village is located, and it shall not be lawful for the supervisors of said townships to levy or assess any highway tax upon the taxable property of said village, nor shall the inhabitants thereof be liable to perform any highway labor excepting such as is ordered by the council of said village."

The act named in section 4 is the general law, of which section 2853 is a part; and it is contended that section 6 of the act of 1885 takes the defendant village out of section 2853 of the general law, and makes it the duty of the village to maintain and keep in repair the bridge in question.

In determining the purpose of section 6, all of its provisions must be taken together. It is true that, by the general law, it is made the duty of the commissioner of highways to care for, repair, and supervise bridges, but it is his duty to care for, repair, and supervise highways

as well, and, while the language exempting the village from the supervision of the commissioner of highways is general in its terms, the prohibition which follows it directs us at once to the subject-matter of that supervision to which the exemption applies. The imposition of highway taxes only is prohibited. Under the general law, moneys raised for the building, rebuilding, and repair of bridges constitute a fund separate and distinct from the highway tax fund. The commissioner of highways may expend not to exceed $1,000 for bridge purposes, draw his orders therefor, notify the clerk of the amount, and the same is put upon the tax roll, and applied to the express purpose of the redemption of these orders. If more than $1,000 is deemed necessary, the question of raising the amount is submitted to the electors to be determined by ballot; and the statute provides that the ballot shall express, "For the bridge tax," or "Against the bridge tax." Section 6 does not attempt to exempt the village from this tax, nor does it release the township from the liability thereto. Section 2853, in clear and unequivocal terms, imposes the duty of the care and repair of the bridge upon this township, and that duty will not be shifted, unless the intent so to do is equally clear. The obvious import of section 6 is to relieve the village from the imposition of ordinary highway taxes, and to place under its control the streets within its corporate limits.

The judgment below is therefore affirmed.

The other Justices concurred.