HULDA G. FRARY v. THE TOWNSHIP OF ALLEN.

*Constitutional law—Defective cross-walk—Liability of township.*

1. The question of the constitutionality of Act No. 264, Laws of 1887, making it the duty of townships to keep highways in repair, etc., is settled by *Tice v. Bay City*, 78 Mich. 209, and *Campbell v. Kalamazoo*, 80 Id. 655.

2. If cross-walks are constructed in an unincorporated village in a township, and the public thereby induced to use them, they become, for such use, parts of the traveled way, and the township is liable in case they are suffered to become unsafe and dangerous.

3. The words "under their care and control," as used in section 3 of Act No. 264, Laws of 1887 (3 How. Stat. § 1446e), which makes it the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all public highways, streets, bridges, sidewalks, cross-walks, and culverts that are within their jurisdiction, and under their care and control, must be held to have been intended to exempt incorporated villages from liability for the non-performance of such duty in those cases where by statute the township is charged with such care and control; citing *Quinlan v. Manistique*, 85 Mich. 22.

4. A cross-walk, in order to fall within the protection of the statute, need not necessarily span the entire street.

Error to Hillsdale. (Lane, J.) Argued April 19 and 20, 1892. Decided May 20, 1892.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*A. St. John* and *James S. Galloway*, for appellant.
*Guy M. Chester*, for plaintiff.

McGRATH, J. This action is brought to recover for damages occasioned by reason of a defective cross-walk.

Within the limits of the defendant township is the unincorporated village of Allen. The principal street in the village runs in an easterly and westerly direction through the village and township, and is known as "Chicago Street" or "Chicago Turnpike." In the eastern part of the village there is a street running from Chicago street north, known as "Prentiss street." At the head of Prentiss street, on the south side of Chicago street, is a large brick school-house, in which were employed 3 teachers most of the time, with from 120 down to 70 pupils in attendance. Opposite the school-house, and on the north-east corner of Prentiss and Chicago streets, is the Baptist Church, largely attended by the people in that village and vicinity. There is a cross-walk extending across Chicago street from the south side of Chicago street, in front of the school-house, to the corner of the church lot, and from that corner there is a sidewalk running east on the north side of Chicago street in front of the church, also a sidewalk running north on the east side of Prentiss street; and from the end of the cross-walk in front of the school-house there is a sidewalk running west on the south side of Chicago street, extending up into the business part of said village. Five or six families reside on Chicago street east of this cross-walk, and ten or twelve families north of these cor-

ners on Prentiss street. Said cross-walk was constantly and much used by people of the village and township in going to church, in going to the school-house, in going to the stores and post-office, and in crossing Chicago street at the intersection of Prentiss street, there being no other crossing or cross-walk for them in that part of the village, and had been so used for 15 years and upwards. At the intersection of Prentiss street with Chicago street in front of the school-house the ground was originally low, and the highway had been turnpiked. After the school-house had been built, and about the year 1870, one Prentiss built the cross-walk in question from the corner of the church lot across Chicago street to the south side of Chicago street in front of the school-house. Years afterwards a sluice was put across the street under this cross-walk, by road work of the township, and the walk was repaired, and a part of the cross-walk was made a covering for the sluice. The injury occurred between the traveled part of the highway and the sidewalk. Plaintiff had judgment, and defendant appeals.

1. Defendant contends that the act of 1887, imposing a liability upon townships, etc., is unconstitutional, in that the title provides for the recovery of damages sustained, while the body of the act includes further provisions, making it the duty of townships, etc., to keep cross-walks, etc., in repair, and empowers them to raise money for that purpose. This question must be regarded as settled by *Tice v. Bay City,* 78 Mich. 209, and *Campbell v. Kalamazoo,* 80 Id. 655. While in the first case cited the precise question was not raised, yet the language is sweeping, and the last-named case involved the very question as to whether the act created the duty.

2. It is insisted that the section creating the duty refers only to such cross-walks, etc., as are within the

jurisdiction of townships, and under their care and con-
trol, and that cross-walks are not by any other provision
of law placed under their care and control.

Highway commissioners, and all other officials having
special charge of cross-walks, are by the act declared to
be officers of, and subject to the general direction of,
the municipality in the discharge of their several duties.
Highways are by other statutory provisions placed under
the care and supervision of township officers, and, while
there is no other provision for the care or construction
of cross-walks in townships by townships, yet, if con-
structed, and thereby the public are induced to use them,
they become, for such use, parts of the traveled way,
and the township must be held liable in case they are
suffered to become unsafe and dangerous.

In the present case, however, the cross-walk existed in
an unincorporated village, and by Act No. 176, Laws of
1881, passed after the law of 1879, in all unincorporated
villages overseers of highways are authorized to lay out
such portion of the highway funds as they shall deem
reasonable for the construction, care, and maintenance of
cross-walks in such villages.

Highways or bridges within the limits of an incor-
porated village are not always under the care and con-
trol of the village authorities. *Quinlan v. Manistique,*
85 Mich. 22. The words "under their care and control"
must be held to have been intended to exempt munici-
palities so situated from liability.

3. It is next claimed that the walk where plaintiff was
injured is not a cross-walk, and because the township
made a sluice-way across the road-bed under this cross-
walk as originally constructed it has ceased to be a cross-
walk; in other words, that, inasmuch as the covering to
the culvert serves a double purpose, the portions of the
cross-walk which serve but the purposes of a walk have

lost their identity or character as portions of the cross-walk. This contention cannot be sustained. *O'Neil v. Detroit*, 50 Mich. 133, is cited upon the point that cross-walks extend the entire distance across the street spanned by them; but that case is far from holding that they must span the entire street, otherwise they are not cross-walks. In many instances, and in nearly all cases where there is a paved street, the pavement itself takes the place of the plank or stone cross-walk between the curb lines, but that fact does not destroy the character of the walks leading from the sidewalks to the curbing.

The judgment must be affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. MORSE, C. J., did not sit.