WELTON *v.* TOWNSHIP OF CRYSTAL.

1. APPEAL AND ERROR—REVIEW—DIRECTED VERDICT—QUESTION
   NOT RAISED BELOW.

   On error to review a judgment for defendant upon a directed
   verdict, the propriety of the direction will be determined
   upon the facts assumed by the circuit judge, without regard
   to a defect in the proofs not called to his attention at the
   trial, the supplementing of which it would have been his duty
   to permit.

2. TOWNSHIPS — HIGHWAYS — SIDEWALKS — NUISANCES — ABATE-
   MENT—POWER OF TOWNSHIP AUTHORITIES.

   Township authorities have the right to do whatever is neces-
   sary to be done in order to convert the highways over which
   they have control into safe, convenient roads adapted to the
   travel to which they are subjected, even to their entire width,
   and, as incident to this authority, have the right to prevent
   the maintenance by an abutting owner of a sidewalk in such
   a state of repair that it constitutes a nuisance and a menace
   to the safety of travelers upon the highway. Sections 3441
   et seq., 1 Comp. Laws, and 4202 et seq., 2 Comp. Laws.

3. SAME—PERSONAL INJURIES—DEFECTIVE SIDEWALKS—LIABILITY
   OF TOWNSHIPS.

   Where a township has authorized expenditures and has ex-
   pended public funds for the repair of sidewalks built by
   abutting owners in an unincorporated village in the town-
   ship, which sidewalks are almost an essential to the use of
   the highways along which they are built, the township is
   liable for injuries to a traveler caused by defects in one of
   such walks (section 3441 et seq., 1 Comp. Laws), though the
   sidewalk has never been established by the township authori-
   ties under Act No. 60, Pub. Acts 1883 (sections 4203 et seq., 2
   Comp. Laws).

Error to Montcalm; Davis, J. Submitted February
19, 1908. (Docket No. 113.) Decided May 1, 1908.

Case by Dora Welton against the township of Crystal
for personal injuries. There was judgment for defendant
on a verdict directed by the court, and plaintiff brings
error. Reversed.

*J. C. Youdan* (*N. O. Griswold* and *Kelley S. Searl*, of counsel), for appellant.

*Morse & Locke* (*R. A. & W. E. Hawley*, of counsel), for appellee.

MONTGOMERY, J. This is an action brought to recover for injuries sustained by plaintiff resulting from a fall on a defective walk in the unincorporated village of Crystal Lake, situated in the defendant township. The circuit judge directed a verdict for the defendant, and plaintiff brings error. The facts, as the circuit judge stated them, and the claims of the respective parties as stated by him, were as follows:

"In this case, as the proof now stands, it appears that within the boundary line of the township of Crystal, this county, is a small village called Crystal Lake, located on the banks of Crystal Lake; the principal business conducted there is that of catering to summer resorters assembling there in the summer season.

"The plaintiff was, under the testimony as it now stands, walking on a sidewalk on the north side of Lake street, so-called, in the evening of August 11th, hurrying to her home, and by reason of a defect in the walk caused by age and decay of the same she fell and was injured.

"It appears that along portions of this street there had been wooden sidewalks for the past 25 years; that several business places and residences had been erected along this street and sidewalks had been built along portions of the street both on the north and south side.

"It does not appear that the township defendant ever took any part in building, maintaining or repairing such walks, or appropriating money therefor, until 1900, when, at the annual meeting of that year, $150 was voted for streets and sidewalks of such village. After that time no money was voted by the people for such purpose, but the town board in 1904 authorized the highway commissioner to rebuild and repair sidewalks in such village, and appropriated moneys.

"Some small amount of repair work and grading was authorized by the highway commissioner, and also by the overseer of the road district containing this part of the town, and paid for in township orders.

"This street and walk was used by a great many people in the summer season, and by the permanent inhabitants during the balance of the year.

"The plaintiff claims that under all these conditions it became the duty of the township to maintain and repair such sidewalks; that because it did not do so it was negligent and should answer in damages for the alleged injury.

"The defendant claims that no duty was imposed upon the township under these conditions.        •

"So the important question for the court to answer is whether it was the duty of the township to repair such walks and keep them in a reasonably safe condition."

It is urged by the defendant in this court that the evidence fails to show specifically that the expenditures authorized by the township were made or intended to be made upon the walk in question, and that as it was competent for the township to authorize the building of sidewalks under section 4203 et seq., 2 Comp. Laws, it may be inferred that there were authorized walks in the township upon which such funds might be expended. We do not discover that any such point was made below. On the contrary, the circuit judge seems to' have assumed that the plaintiff's proofs related to expenditures upon the walks in question. Had the point been made, the court would doubtless have permitted the proofs to be supplemented; it would have been his duty to do so. *Findlay* v. *Railway Co.*, 106 Mich. 700, and *Garn* v. *Lockard*, 108 Mich. 196. The case will therefore be determined on the facts assumed by the circuit judge.

The trial judge stated his conclusions of the law as follows:

"In order to be liable to plaintiff the power must have been given by law to the township to control such walks. Second, and such control must have been exercised by the township according to law. Third, or the township by its people at a general meeting have authorized a control and maintenance of such walks.

"The statute points out the method, and no other way of acting on the part of the town board or highway com-

missioner would bind the people of the township.  Simply voting an appropriation, as the people sometimes do to assist some portion of the township, is not assuming care and control.

" In this sort of a street the abutting owner owns to the middle of the street subject to the rights of travel. These private owners had constructed these walks, and in any repairs the public officers acted in conjunction with such private owners after such negotiations as brought about grades to suit the parties and such officers. No independent action or assumption of control was ever had by such officers.

" The statute that gives power to the township board to meddle with such walks was not followed.  Had they assumed control without following the statute, without a vote of the people, their action would have bound nobody.

" Such officers acting outside of the powers conferred by law had no authority to tear up existing walks, nor to establish a grade, nor to dictate whether a brick, plank or cement walk should be laid.  They could not assess a tax against the abutting property if such owner failed to obey any command to build a walk; they could not build such walks in such road district and make it a charge against the people at large; they could not under the circumstances go beyond a certain per cent. of the tax of the road district."

We think the error in this holding consists in the assumption that the township authorities have no right to tear up the sidewalk or to prevent its maintenance in an unsafe condition by the abutting owner.  We do not understand that the township authorities are so powerless. On the contrary, whatever is necessary to be done in order to make a safe, convenient road, adapted to the travel to which it is subjected, we think the highway officers have lawful authority to do, and it has been held that this may be done even as to country highways when it involves paving or graveling the entire width of the way.  In the present case, the record shows that a sidewalk is almost an essential to the use of this highway, certainly during the summer season.  It cannot be that the authorities are so restricted in their powers that they must sit supinely by and permit the abutting owner to maintain a nuisance

which shall subject travelers to the danger of a broken limb every time they attempt to traverse the street. See, on the subject of the control by the township of such highways, Elliott on Roads and Streets (2d Ed.), §§ 399, 400, and 403 and cases cited.

The statutes relating to the control of sidewalks in townships, stated chronologically, are as follows:

Act No. 176, Pub. Acts 1881, being compiler's section 4202, 2 Comp. Laws, provides:

"Overseers of highways are hereby authorized to lay out and expend such portion of the township highway funds in their hands or under their control as they shall deem reasonable for that purpose for the construction, care, and maintenance of suitable sidewalks and crosswalks in such villages."

Act No. 60, Pub. Acts 1883, being compiler's sections 4203 et seq., 2 Comp. Laws, provides:

"That public sidewalks may be established, opened, improved, and maintained within the boundaries, and along the highways, within this State under the provisions of this act; and the townships and unincorporated villages of this State shall possess the authority herein prescribed, for the building, repairing, and preserving the same."

Section 2 then prescribed the kind of walk to be built, and prescribes that it may be built by the commissioners of highways of any township within any road district upon a written application of a majority of the taxpayers of any road district or of two or more contiguous road districts.

Section 6 provides:

"The overseers of highways in each road district shall have the general care and superintendence of such sidewalks, and shall for the purpose of building and repairing the same, use, not to exceed one-tenth, of the highway labor, or money assessed, in his district."

Act No. 264, Pub. Acts 1887, being compiler's sections 3441 et seq., 1 Comp. Laws, in its first section, provides:

"That any person or persons sustaining bodily injury

upon any of the public highways or streets in this State, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, cross-walks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the township, village, city or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, cross-walk or culvert, and whose duty it is to keep the same in reasonable repair, such township, village, city or corporation shall be liable to and shall pay to the person or persons so injured or disabled just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction."

Section 3 of this act provides:

"It is hereby made the duty of townships, villages, cities, or corporations to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all public highways, streets, bridges, sidewalks, cross-walks and culverts that are within their jurisdiction, and under their care and control, and which are open to public travel, and when the means now provided by law are not sufficient to enable any township, village, or city to keep its public highways, streets, bridges, sidewalks, cross-walks and culverts in good repair such township, village or city is hereby authorized to levy such additional sum upon the taxable property of such township, village or city, not exceeding five mills on the dollar, in any one year, as will enable such township, village or city to keep its public highways, streets, bridges, sidewalks, cross-walks, and culverts in good repair at all times."

It is very clear that if it can be said that this sidewalk is under the care and control of the township, the legislature has by its latest enactment provided not only for a liability for neglect to keep the same in a condition reasonably fit for travel, but has in express terms given authority for the use of the public funds requisite for that purpose, within certain limits. It is contended, however, that before this latter statute can have application, it must appear that a sidewalk has been established under the act of 1883, as it cannot be said that the township has the care and control of sidewalks not so provided. This con-

tention is not allowed. The connection in which these words are employed, namely, "sidewalks under their care and control and which are open to public travel," indicates the sense in which the words "under their control" are employed. The fair sense of these words is that walks open to public travel shall be reasonably safe, and that if the municipality having authority in that regard is unable, out of its ordinary funds, to provide for maintaining or improving such walks, this necessary provision for a further appropriation of money is applicable. In any reasonable sense, the paramount right of the public in the street must be held to give the right to remove sidewalks which are in such a state of repair as to constitute a menace to the traveling public.

This question is not entirely new to this court. In *Frary* v. *Township of Allen*, 91 Mich. 666, the question arose under the same statute. It is true we were there dealing with a cross-walk, but the reasoning of the court is entirely applicable to the question here. We quote from the opinion of the court:

"It is insisted that the section creating the duty refers only to such cross-walks, etc., as are within the jurisdiction of townships, and under their care and control, and that cross-walks are not by any other provision of law placed under their care and control.

"Highway commissioners, and all other officials having special charge of cross-walks, are by the act declared to be officers of, and subject to the general direction of, the municipality in the discharge of their several duties. Highways are by other statutory provisions placed under the care and supervision of township officers, and, while there is no other provision for the care or construction of cross-walks in townships by townships, yet, if constructed, and thereby the public are induced to use them, they become, for such use, parts of the traveled way, and the township must be held liable in case they are suffered to become unsafe and dangerous."

Highways and bridges within the limits of incorporated villages are not always under the care and control of the village authorities. See *Quinlan* v. *Village of Manis-*

*tique*, 85 Mich. 22. The words "under their care and control" must be held to have been intended to exempt municipalities so situated from liability. In the present case, care and control of this walk was in fact assumed by the township, bringing the case within *Williams* v. *Village of Petoskey*, 108 Mich. 260. But independent of this, we think that any sidewalk within the lines of a street is under the care and control of the township authorities within the meaning of the statute. Doubtless the township could refuse to maintain such walk. It may, if it choose, abate it as a nuisance. But if it is maintained, and the public are permitted and invited to travel over it, inasmuch as it is within the limits of a street or highway over which the authorities have control, it comes within the language of the statute of 1887.

It follows that the judgment must be reversed, and a new trial ordered.

GRANT, C. J., and BLAIR, OSTRANDER, and MOORE, JJ., concurred.